```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HORN & HARDART SYSTEMS, LLC, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 04-5117 (JBS) |
| CATHERINE HUNTER, | **OPINION** |
| Defendant. | |

APPEARANCES:

Jason Brodsky, Esq.
BRODSKY & SMITH, LLC
20 Brace Road, Suite 112
Cherry Hill, NJ 08034
    Attorney for Plaintiff

Nicholas Martino, Jr., Esq.
33 Regina Road
Morganville, NJ 07751
    Attorney for Defendant

**SIMANDLE**, District Judge:

    This matter comes before the Court upon an Order to Show Cause, filed October 29, 2004, ordering Plaintiff, Horn & Hardart Systems, LLC ("Horn"), to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Docket Item 2.]  For the reasons discussed herein, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## I. BACKGROUND

    Defendant Catherine Hunter entered into a franchise agreement with Plaintiff Horn on February 15, 2003 for the right

to establish and operate Horn & Hardart Bakery Stores.  (Pl. Br. Ex. A. Franchise Agreement ¶¶ 2, 4-5.)  The first bakery was to be opened by Defendant within 360 days of approval of the agreement.  (Pl. Br. Ex. A Site Addendum ¶ 1.)  Pursuant to the agreement, Defendant paid Plaintiff $59,500 which was refundable if neither party was able to locate three sites within 8 months of the signing of the agreement.  (Pl. Br. Ex. A Agreement Addendum ¶ 3.)  Defendant never opened a bakery, yet allegedly never received a refund of her money.  (Def. Cert. Ex. A-B.)  On March 18, 2004, Defendant instituted arbitration proceedings to recover the full refund.  (Def. Cert. Ex. E.)

Plaintiff then filed a two-count complaint in this Court on October 20, 2004 seeking:  (1) damages for breach of contract; and (2) injunctive relief to enjoin the arbitration proceedings.  (Compl. ¶¶ 21, 31.)  On October 29, 2004, this Court ordered, sua sponte, Plaintiff to show cause why the complaint should not be dismissed for failing to meet the $75,000 amount in controversy requirement under 28 U.S.C. § 1332.  [Docket Item 2.]  The parties timely filed written submissions which the Court has considered.

## II. DISCUSSION

In establishing federal diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must show not only diversity of

2

citizenship,[1] but also that the amount in controversy exceeds $75,000 exclusive of interests and costs.  28 U.S.C. § 1332(a).  Jurisdiction is a preliminary issue that may be raised by a district court to ensure that a case properly belongs in federal court.  Meritcare v. St. Paul Mercury Insurance, 166 F.3d 214, 217 (3d Cir. 1999).

The Supreme Court has determined the standard for deciding whether a plaintiff's claims satisfy the amount in controversy requirement as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.

St. Paul Mercury Indemnity v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (footnotes omitted).  This test requires only minimal scrutiny by the Court and the sole inquiry is whether the plaintiff can recover more than $75,000.  Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).  The legal sufficiency of the claims and the soundness of the plaintiff's legal theory are not relevant to the jurisdictional question.  Id. at 583.  In other words, "[i]n diversity cases, [courts] generally accept a party's

---

[1] Since Plaintiff in this case is a corporation, its citizenship status is determined by the State of incorporation and its principal place of business, 28 U.S.C. § 1332(c), which is Pennsylvania.  (Pl. Br. at 1.)

good faith allegation of the amount in controversy." <u>Columbia Gas Transmission</u>, 62 F.3d 538, 541 (3d Cir. 1995).

However, when the amount is challenged, a plaintiff must produce sufficient evidence to show that the actual damages exceeded $75,000 at the time the complaint was filed. <u>Id.</u> When the total amount of actual damages cannot be verified, speculative evidence may be used to estimate an amount. <u>Suber v. Chrysler Corp.</u>, 104 F.3d 578 (3d Cir. 1997).

Plaintiff here meets the amount in controversy requirement. The first count of Plaintiff's complaint is a claim for breach of contract. (Compl. ¶ 21.) Since the total value of the contract cannot be exactly measured because the contract was not fully performed, Plaintiff has submitted projections of the estimated royalties that would have been gained if the contract had been fulfilled. (Pl. Ex. B.) The projections show that the contract had a potential value of $475,384, well over the amount in controversy requirement. (<u>Id.</u>)

Defendant argues that the projections are not made in "good faith" and not based upon fact. (Def. Br. at 6.) Such assertions are unfounded. The instant case is similar to <u>Suber</u>, where the plaintiff brought suit against a car dealership claiming that he was sold a "lemon." 104 F.3d at 581. The plaintiff there included the projected finance charges in his total damages to meet the required amount in controversy. <u>Id.</u> at

4

585. The court accepted the projections as a reasonable means of measuring the amount in controversy since the contract was not fulfilled and the charges were not yet accrued. Id. at 586.

Here, the estimations were projected by a certified public accountant who based them on the average monthly sales of an operating Horn Bakery in Atlantic City. (Pl. Ex. B.) The calculations strictly followed the terms of the license agreement by projecting one bakery to open each year. (Id.) As those numbers demonstrate, the amount in controversy requirement is satisfied because such a claim is colorable.[2]

This Court also has supplemental jurisdiction over the claim for injunctive relief in Count Two. Courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). It is well-settled that the aggregation of claims for purposes of meeting the amount in controversy requirement is permitted for claims brought by a single plaintiff against a single defendant. Snyder v. Harris, 394 U.S. 332, 335 (1969).

---

[2] This Court does not determine whether such evidence is admissible, whether such methodology is reliable, or whether the projected damages are reasonable, for the plaintiff's jurisdictional allegations do not require such proof at this time. The Court simply finds that it does not appear to a legal certainty that the claim is for less than $75,000.

Here, Plaintiff has two separate claims against Defendant.[3] (Compl. ¶¶ 21, 31.)  The second count is for injunctive relief enjoining the arbitration proceedings in which Defendant is seeking to collect the $59,500 refund based on the failure to procure a suitable location to open a Horn bakery.  (Def. Ex. E.)  The amount at issue in the arbitration obviously does not exceed $75,000, but that claim is so related to the breach of contract claim over which this Court has jurisdiction, see infra, that the two form part of the same case and controversy for purposes of § 1367(a).  Therefore, the Court will aggregate the claims and exercise supplemental jurisdiction over the claim for injunctive relief.

### III. CONCLUSION

For the above stated reasons, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The accompanying Order will be entered.

June 27, 2005                         s/ *Jerome B. Simandle*
                                      JEROME B. SIMANDLE
                                      U.S. District Judge

---

[3] For reasons already discussed, this Court has subject matter jurisdiction over Count One.